**HOLLAND & KNIGHT LLP**
Bruce J. Zabarauskas, SBN 248601
Olivia J. Scott, SBN 329725
4675 MacArthur Court, Ste. 900
Newport Beach, California  92660
Telephone:  949.833.8550
Facsimile:  949.833.8540
E-mail:  bruce.zabarauskas@hklaw.com
          olivia.scott@hklaw.com

Attorneys for Plaintiff
GRANDPOINT CAPITAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANDPOINT CAPITAL, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT FOR REFUND OF FEDERAL INCOME TAX PURSUANT TO 26 U.S.C. §§ 172(b), 6402(a) and 7422** |

#504395078_v1

COMPLAINT

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Tel: (949) 517-1437
Fax: (949) 833-2540

Plaintiff Grandpoint Capital, Inc. ("**Plaintiff**") now files this complaint in the above-captioned action and alleges as follows:

## NATURE OF THE CASE

1. This action involves Plaintiff's demand for a federal income tax refund for the reasons stated in further detail below.

## PARTIES

2. Plaintiff is Grandpoint Capital, Inc., a Delaware corporation whose principal place of business was 17901 Von Karman Ave., Ste 1200, Irvine, CA 92614. Plaintiff was the parent of a group of corporations that filed consolidated federal income tax returns for the years at issue, and it is therefore the proper named party for purposes of this litigation, pursuant to Treas. Reg. Sec. 1.1502-77. Plaintiff's successor in interest is Pacific Premier Bancorp, Inc., a Delaware corporation whose principal place of business is 17901 Von Karman Ave., Irvine, CA 92614.

3. Defendant is the United States of America, which acted in connection with this matter through its agency, the Internal Revenue Service ("**IRS**"), and its personnel, located in the Central District of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, because it arises under the laws of the United States, and pursuant to 28 U.S.C. §1346(a)(1), because it is an action for the recovery of internal revenue tax amounts erroneously or illegally assessed and collected by the defendant.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1402(a)(2), because the principal place of business of the corporate Plaintiff is within this judicial district.

## STATEMENT OF FACTS

6. For federal income tax purposes, Plaintiff's consolidated group incurred a "net operating loss" ("**NOL**") for its tax year ended July 1, 2018.

/ / /

7. On the extended due date of May 15, 2019, Plaintiff timely e-filed with the IRS its original Form 1120, U.S. Corporation Income Tax Return, for its tax year ended July 1, 2018, reporting the NOL.

8. Under § 172(b) of the Internal Revenue Code of 1986, 26 U.S.C. § 172(b), an NOL can be "carried back" to prior tax years and utilized as a deduction in those prior years, subject to certain restrictions. For NOLs generated in tax years beginning after December 31, 2017 and before January 1, 2021, the NOL could be carried back to each of the five (5) previous taxable years, pursuant to § 172(b)(1)(D).

9. Plaintiff had no federal income tax liability for its tax year ended December 31, 2013, and accordingly carried back its 2018 NOL to its tax years ended December 31, 2014, and December 31, 2015, and the utilization of those NOLs resulted in decreased tax liabilities for those years.

10. Plaintiff timely filed its original corporate income tax return and paid the total tax assessed for 2014 of $3,756,398.

11. Plaintiff timely filed its original corporate income tax return and paid the total tax assessed for 2015 of $16,653,994.

12. Since Plaintiff had previously paid tax based on its tax liability computed and reported on its originally filed returns, Plaintiff was entitled to a refund of amounts previously paid in excess of its decreased tax liabilities resulting from the use of its NOL carryback. Accordingly, Plaintiff filed refund claims for the two years to which it carried back its 2018 NOL, namely taxable years 2014 and 2015.[1]

13. Specifically, on May 13, 2022, Plaintiff timely filed by certified mail its Form 1120X, Amended U.S. Corporation Income Tax Return, for 2014, claiming a refund in the amount of $1,015,940.

14. On May 13, 2022, Plaintiff likewise timely filed by certified mail its Form 1120X, Amended U.S. Corporation Income Tax Return for 2015, claiming a refund in the amount of $5,722,871.

---

[1] Plaintiff also filed a refund claim for 2017 due to a credit carryback from the 2018 return. That claim was allowed and paid by the IRS and is not a subject of this action.

#504395078_v1
- 3 -
COMPLAINT

15. The only differences between the original Forms 1120 for 2014 and 2015 and the amended Forms 1120X filed in 2022 were the utilization of the 2018 NOL and related computational effects.

16. By letter dated June 23, 2022, the IRS denied Plaintiff's refund claims for 2014 and 2015, on the grounds that they were untimely filed.

17. In fact, the refund claims were timely filed pursuant to § 6511(d)(2)(A) of the Internal Revenue Code, 26 U.S.C. § 6511(d)(2)(A), because they were filed within 3 years after the date of filing of the return for Plaintiff's year ended July 1, 2018.

18. Therefore, the Court has jurisdiction because for 2014 and 2015, Plaintiff (i) made full payment of the taxes assessed, as required by 28 U.S.C. § 1346(a)(1) and *Flora v. United States*, 362 U.S. 145 (1960); (ii) timely filed its Form 1120X claims for refund, as required by 26 U.S.C. §§ 6511(a) and 7422(a); and (iii) filed this complaint within the time period prescribed in 26 U.S.C. § 6532(a).

## FIRST CAUSE OF ACTION

### (Refund of Federal Income Tax Paid, Per 26 U.S.C. 26 U.S.C. §§ 172(b), 6402(a) and 7422)

19. Plaintiff realleges paragraphs 1 through 18, above.

20. The Internal Revenue Service erroneously disallowed Plaintiff's claims for refund of income taxes paid for 2014 and 2015.

21. Plaintiff overpaid its taxes for the 2014 tax year and is entitled to a refund in the amount of $1,015,940 for that year.

22. Plaintiff overpaid its taxes for the 2015 tax year and is likewise entitled to a refund in the amount of $5,722,871 for that year.

23. Pursuant to section 6611(a) of the Internal Revenue Code, 26 U.S.C. §6611(a), Plaintiff is entitled to overpayment interest with respect to the amounts by which it overpaid its 2014 and 2015 taxes, at the rates and for the periods set forth in the statute.

/ / /

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Tel: (949) 517-1437
Fax: (949) 833-2540

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in its favor and against the United States as follows:

(A)  In the amount of $1,015,940 for its 2014 tax year;

(B)  In the amount of $5,722,871 for its 2015 tax year;

(C)  For overpayment interest at the rates and for the periods set forth by statute on the foregoing amounts; and

(D)  For such other and further relief as the Court may grant.  Pursuant to § 6611(a) of the Internal Revenue Code, 26 U.S.C. § 6611(a), Plaintiff is entitled to overpayment interest with respect to the amounts by which it overpaid its 2014 and 2015 taxes, at the rates and for the periods set forth in the statute.

Dated: June 21, 2024

**HOLLAND & KNIGHT LLP**

By: /s/ *Bruce Zabarauskas*
        Bruce Zabarauskas

Attorneys for Plaintiff
GRANDPOINT CAPITAL, INC.